UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERIN E. KIS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COVELLI ENTERPRISES, INC.,<br><br>Defendant. | No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff, Erin E. Kis, individually and on behalf of all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this lawsuit as a collective action for Defendant's violation of the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("Collective Claim"), and as a class action under Fed. R. Civ. P. 23 for Defendant's violation of the Ohio Minimum Fair Wage Standards Law, Ohio Revised Code § 4111.01 et seq. ("Ohio Class Claim").

2. Upon information and belief, Defendant owns and operates more than 300 Panera Bread franchises and is the country's largest Panera Bread franchisee.

3. As the FLSA and OMFWS allow, Plaintiff seeks to represent current and former Panera Bread assistant managers whom Defendant (i) employs or employed in the United States; and (ii) to whom Defendant failed to pay overtime for work performed beyond 40 hours per week.

4. The groups described in paragraph 3 populate two classes:

*Federal Collective Group*
All individuals whom Defendant employs or employed as Panera Bread assistant managers in the United States for three years before this complaint's filing date ("Federal Eligibility Period") who timely opt into this collective group.

*Ohio Class*
All individuals whom Defendant employs or employed as Panera Bread assistant managers in Ohio for two years before this complaint's filing date ("Ohio Class Period").

5. Defendant violated § 207 of the FLSA by failing to pay the Federal Collective Group overtime for all hours worked beyond 40 hours in any week.

6. Defendant violated Ohio Revised Code § 4111.03 because it failed to pay Ohio Class members overtime of one and one-half times their regular rate for all hours worked beyond 40 hours in any week.

7. Defendant's FLSA and OMFWS violations caused it to underpay Plaintiff and Federal Collective Group and Ohio Class members.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331, 28 U.S.C. § 1332(d), and 28 U.S.C. § 1367.

9. Venue is proper under because Defendant resides in this district, 28 U.S.C § 1391(b)(1), and a substantial part of the events or omissions giving rise to Plaintiff's claim occurred here.

## PARTIES

10. Plaintiff resides in Medina County, Ohio.

11. During the Federal Eligibility Period and the Ohio Class Period, Plaintiff worked as an assistant manager at a Panera Bread store that Defendant owned and operated.

12. During the Federal Eligibility Period and the Ohio Class Period, Plaintiff was not a "professional" as defined in 29 C.F.R. § 541.300(a). Likewise, Plaintiff did not perform executive or administrative functions as defined in 29 C.F.R. § 541.200(a).

13. Defendant was and is an Ohio corporation with its principal place of business at 3900 E. Market St., Warren, Ohio 44484.

14. According to Defendant's website, it operates Panera Bread franchises in Ohio, Florida, Georgia, Kentucky, North Carolina, Pennsylvania, and South Carolina.

## COLLECTIVE-ACTION ALLEGATIONS

15. Under the FLSA, § 216(b), Plaintiff brings this action on behalf of herself and the Federal Collective Group.

16. Plaintiff is informed and believes Defendant operates over 300 Panera Bread restaurants in the United States.

17. Plaintiff is similarly situated to the Federal Collective Group members because she, like they, worked for Defendant as a Panera Bread assistant manager during the Federal Eligibility Period and worked overtime hours without receiving overtime compensation. As a result, she and the Federal Collective Group members share common legal and factual questions. This commonality provides her a well-defined community of interest with the Federal Collective Group such that she is its adequate representative.

18. The following common legal and factual questions to the Federal Collective Group predominate over questions that may affect only individual members:

  a.  Whether Defendant failed to properly compensate them for overtime hours worked as required by the FLSA;

  b.  Whether the Federal Collective Group has been damaged and, if so, the extent of its members' damages; and

  c.  Whether Defendant willfully violated the FLSA and, if so, to what extent.

## CLASS ACTION ALLEGATIONS

19. Under Rule 23, Plaintiff also brings this action on behalf of herself and the Ohio Class.

20. Plaintiff believes hundreds—perhaps thousands—of identifiable Ohio Class members exist. For this reason, the Ohio Class is so numerous that joinder of all its members is impractical.

21. Common legal and factual questions predominate over individual questions that may affect the Ohio Class such as:

  a.  Whether, as required by the OMFWS (including Ohio Revised Code § 4111.03), Defendant failed to properly compensate the Ohio Class for overtime hours worked;

  b.  Whether Defendant damaged the Ohio Class and, if so, the extent of its members' damages; and

  c.  Whether the Ohio Class is entitled to penalties and, if so, the extent of these penalties.

22. Plaintiff is asserting claims that are typical of Ohio Class members' claims.

23. Plaintiff will fairly and adequately represent and protect Ohio Class members' interests and has no antagonistic interests. She has retained attorneys who are competent and experienced in prosecuting collective and class-action litigation.

24. Defendant's misconduct damaged Plaintiff and the Ohio Class. Because their damages are small, they cannot afford to file individual complaints. For this reason, a class action is the superior and efficient way for them to adjudicate their claims.

## FACTS

25. Defendant owns and operates over 300 Panera Bread franchises in Ohio, Florida, Georgia, Kentucky, North Carolina, Pennsylvania, and South Carolina.

26. Plaintiff worked for Defendant as an assistant manager at a Panera Bread restaurant Wadsworth, Ohio in Medina County.

27. Plaintiff was not an exempt employee under the FLSA.

28. Defendant did not pay Plaintiff for her hours worked beyond 40 per week, as the law requires.

29. Plaintiff regularly worked more than 40 hours per week.

30. Defendant required Plaintiff, the Federal Collective Group, and the Ohio Class to work more than 40 hours per week.

31. Defendant knew it was not paying Plaintiff, the Federal Collective Group, and the Ohio Class for hours worked beyond 40 hours per week.

32. Neither Plaintiff nor Federal Collective Group were professionals, they did not perform executive or administrative functions as defined by the FLSA, and they were not exempt from the overtime requirements of the FLSA or Ohio Revised Code § 4111.03.

### COUNT I
### Violation of FLSA § 207
### (On behalf of the Federal Collective Group)

33. Plaintiff incorporates by reference the preceding allegations.

34. Section 207(a)(1) of the FLSA provides the basis for Plaintiff's claim:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

35. Though § 213(a)(1) describes an exemption for employees in executive, administrative, or professional capacities, this exemption does not apply the Federal Collective Group.

36. In all respects material to Plaintiff's FLSA claim, Defendant's employment practices were and are uniform throughout the states where it operates its Panera Bread franchises.

37. Because of Defendant's failure to pay overtime, it damaged Plaintiff and the Federal Collective Group in an amount Plaintiff will prove at trial.

38. Defendant's FLSA violation was willful in that Defendant knowingly, deliberately, and intentionally failed to pay overtime to Plaintiff and the Federal Collective Group.

39. As the FLSA requires, Plaintiff demands that Defendant pay her and the Federal Collective Group overtime compensation for every hour of overtime worked in any work week that Defendant did not pay them, as well as liquidated damages, interest, and attorneys' fees.

## COUNT II
### Violation of Ohio Revised Code § 4111.03
### (On behalf of the Ohio Class)

40. Plaintiff incorporates by reference the preceding allegations.

6

41. Ohio Revised Code § 4111.03 adopts the exemptions from FLSA §§ 7 and § 13.

42. During the Class Period, Defendant employed Plaintiff and the Ohio Class. Though they regularly work or worked more than 40 hours per week, Defendant compensated them entirely on salary and with no premium pay for hours worked beyond 40.

43. Because of Defendant's failure to pay Plaintiff and the Ohio Class overtime, Defendant damaged them in an amount they will prove at trial.

44. Plaintiff and the Ohio Class are employees within the meaning of the Ohio Prompt Pay Act, Ohio Revised Code § 4113.15 et seq.

45. Defendant violated and continues to violate the OPPA because of its willful failure to correctly compensate Plaintiff and the Ohio Class within 30 days of their performing work.

46. Plaintiff and the Ohio Class are entitled to compensation, including liquidated damages, penalties, six percent interest on all compensatory damages, attorneys' fees, and costs, and any other remedies available.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the Federal Collective Group and the Ohio Class, request the following relief:

a. An order certifying this action as a collective action and a class action on behalf of the Federal Collective Group and the Ohio Class, respectively;

b. Compensatory damages at one and one-half the regular rate of pay for all hours worked beyond 40 a week in an amount Plaintiff will prove at trial;

c. Liquidated damages at one and one-half the regular rate of pay for all hours worked beyond 40 a week in an amount Plaintiff will prove at trial;

d. Liquidated damages in an amount equal to six percent of the unpaid overtime or $200, whichever is greater;

  e. Reasonable attorneys' fees;

  f. Costs of suit;

  g. Prejudgment and postjudgment interest;

  h. Other relief as this Court may deem necessary and appropriate.

Dated: January 9, 2018

          *s/Daniel R. Karon*
          Daniel R. Karon (0069304)
          Beau D. Hollowell (0080704)
          **KARON LLC**
          700 W. St. Clair Ave., Suite 200
          Cleveland, OH 44113
          Tel: (216) 622-1851
          Fax: (216) 241-8175
          Email: dkaron@karonllc.com
          bhollowell@karonllc.com

          Randall S. Newman (*pro hac vice*)
          Robert Abrams (*pro hac vice*)
          Correy A. Kamin (*pro hac vice*)
          **WOLF HALDENSTEIN ADLER**
          **FREEMAN & HERZ LLP**
          270 Madison Avenue
          New York, NY 10016
          Tel.: (212) 545-4600
          Fax: (212) 545-4653
          Email: newman@whafh.com
          abrams@whafh.com
          kamin@whafh.com

          *Attorneys for Plaintiff and the classes*