UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                            :
ERIN E. KIS, *on behalf of herself and all* :
*others similarly situated*,                :   Case No. 4:18-cv-54
                                            :
         Plaintiff,                         :   OPINION & ORDER
                                            :   [Resolving Doc No. 29, 39]
vs.                                         :
                                            :
COVELLI ENTERPRISES, INC.,                  :
                                            :
         Defendant.                         :
                                            :
------------------------------------------------------------
                                                  * * *
                                            :
CHELSEA ROMANO, *on behalf of herself*      :
*and all others similarly situated*,        :   Case No. 4:18-cv-434
                                            :
         Plaintiff,                         :
                                            :
vs.                                         :
                                            :
COVELLI ENTERPRISES, INC.,                  :
                                            :
         Defendant.                         :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Erin Kis and Plaintiff Chelsea Romano have filed putative collective actions against Defendant Covelli Enterprises, Inc. They allege that Covelli Enterprises violated the Fair Labor Standards Act (FLSA).[1] Plaintiff Kis also makes a claim based on an analogous state law.[2]

Plaintiffs allege that, as assistant managers at various Panera Bread franchises, they were non-exempt workers under the FLSA and should have been paid at the overtime rate when they worked more than forty hours in a week.[3] They further allege that Covelli owns the Panera franchises where they worked and a number of franchises in other states.[4] And they claim that Covelli fails to properly

---

[1] Doc. 1; *Romano*, Doc. 1.
[2] Doc. 1 at ¶¶ 40–46.
[3] Doc. 1 at ¶ 6, 11–12; *Romano*, Doc. 1 at ¶ 3–5 .
[4] Doc. 1 at ¶¶ 2, 14; *Romano*, Doc. 1 at ¶ 1.

Case No. 4:18-cv-54
Gwin, J.

compensate assistant managers for overtime in all of those locations.[5]

The Court granted Defendant Covelli's motion to consolidate both cases.[6] The Plaintiffs now move for conditional certification of the following collective action class:

> All individuals whom Defendant employs or employed as Panera Bread assistant managers in the United States for three years before this complaint's filing date ("Federal Eligibility Period") who timely opt into this collective group.[7]

For the reasons that follow, the Court **GRANTS** the motion for conditional certification.

Under 29 U.S.C. § 216(b), an FLSA plaintiff violation can bring a representative action for herself and similarly situated persons where the plaintiffs are actually similarly situated and all have signaled in writing their affirmative consent to participate in the action."[8]

The Sixth Circuit has said that FLSA plaintiffs may proceed collectively when "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct."[9]

At this, notice, stage of the proceedings, the Sixth Circuit requires the Plaintiffs to make only a "modest factual showing" that their "position is similar, not identical, to the positions held by the putative class members."[10] Because a district court has limited evidence at this stage, this standard is "fairly lenient," and "typically results in 'conditional certification' of a representative class."[11]

The Plaintiffs in this case have demonstrated that they are similarly situated and pursuing claims against Defendant Covelli based on a common legal theory. The declarations accompanying Plaintiffs' motion for conditional certification indicate that they are or were all assistant managers at one or more Panera Bread restaurants owned by Defendant Covelli.[12] Plaintiffs provide support for their claim that Defendant Covelli operates all its restaurants in a similar fashion with statements from

---

[5] Doc. 1 at ¶¶ 4–5; *Romano*, Doc. 1 at ¶¶ 3–4.
[6] Doc. 28.
[7] Doc. 1 at ¶ 4; Doc. 29. Defendant Covelli opposes. Doc. 36. Plaintiffs reply. Doc. 38.
[8] *Comer v. Wal–Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (citations omitted).
[9] *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009).
[10] *Comer*, 454 F.3d at 546-47 (quotations omitted).
[11] *Id.* (citations omitted).
[12] Doc. 29-4 at ¶¶ 1–2, 19; Doc. 29-5 at ¶¶ 1, 6; Doc. 29-6 at ¶¶ 1–2; Doc. 29-7 at ¶ 1; Doc. 29-8 at ¶¶ 1–3.

-2-

Case No. 4:18-cv-54
Gwin, J.

several plaintiffs indicating that they have worked in multiple restaurants and that the restaurants are operated in a similar fashion.[13] And they claim that they were not properly compensated for their overtime hours and set forth allegations to support the claim that they are not exempt from the FLSA's overtime requirements.[14]

Defendant Covelli protests that it is not the Plaintiffs' employer and, even if it was, Plaintiffs and the other putative class members are properly classified as exempt employees.[15] These arguments, however, generally go to the merits of Plaintiffs case and are not relevant to deciding whether this case should proceed as a collective action.[16]

It is true that, if the putative class members had many different employers, they would not be similarly situated. But the Plaintiffs point to evidence suggesting that Covelli is, at the very least, a joint employer of the Plaintiffs and putative class members.[17] As joint employers are usually jointly and severally liable for FLSA violations,[18] that is enough to allow for conditional certification.[19] If it becomes apparent at a later stage that Covelli is or was not the class members' employer, it may move for decertification.

---

[13] Doc. 29-4 at ¶ 19; Doc. 29-5 at ¶ 6; Doc. 29-6; Doc. 29-7; Doc. 29-8.
[14] Doc. 29-4 at ¶¶ 7–8, 17; Doc. 29-5 at ¶¶ 4, 8, 17; Doc. 29-6 at ¶¶ 8–9, 18; Doc. 29-7 at ¶¶ 6–7, 16; Doc. 29-8 at ¶¶ 6–7, 9.
[15] Doc. 36 at 3–5, 6–9.
[16] See Waggoner v. U.S. Bancorp, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015) ("During this preliminary stage, a district court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility.").
[17] Doc. 29-4 at ¶¶ 9–13, 15; Doc. 29-5 at ¶¶ 9–12, 14–15; Doc. 29-6 at ¶¶ 10–13, 15–16; Doc. 29-7 at ¶¶ 8–12, 14–15; Doc. 29-8 at ¶¶10–14, 17; see also e.g., Doc. 29-9 at 2. Although Plaintiff Kis did not assert that Covelli was a joint employer in her complaints, that is likely because Covelli did not begin asserting that it was not their employer until recently. However, Plaintiffs may request leave to amend that complaint to add joint employer allegations if it believes that to be necessary. Any such amendment would not affect the conditional certification decision. Plaintiff Romano did, in fact allege, that Covelli might be a joint employer. Romano Doc. 1 at ¶ 20.
[18] See 29 C.F.R. § 791.2(a); LeMaster v. Alt. Healthcare Solutions, 726 F. Supp. 2d 854, 863–64 (M.D. Tenn. 2010).
[19] Defendant Covelli has moved to file a sur-reply addressing the joint employer issue. Doc. 39. The Court will **GRANT** that motion; however, having reviewed the sur-reply, Doc. 39-1, the Court is not persuaded that conditional certification should be denied. The Plaintiffs allegations in their complaints are sufficient to establish standing at this stage of the litigation. See Parsons v. U.S. Dep't. of Justice, 801 F.3d 701, 706 (6th Cir. 2015). And, even looking to the evidence submitted in support of the conditional certification motion, there is enough to support Plaintiffs standing to bring a suit against Covelli at this early stage of the case. Moreover, if other Defendants may also be partly liable such that Defendant Covelli might be entitled to contribution, Covelli is free to implead them. But as joint employers are jointly and severally liable for FLSA violations, LeMaster, 726 F. Supp. 2d at 863–64, there is no reason to deny conditional certification merely because Plaintiffs have elected to proceed only against Covelli.

Case No. 4:18-cv-54
Gwin, J.

Moreover, the fact that Defendant Covelli has produced evidence that contradicts the Plaintiffs' declarations is irrelevant. That evidence speaks to the credibility of Plaintiffs' evidence, which is not relevant at the conditional certification stage.[20]

And while Defendant Covelli insists that the Plaintiffs have produced too few declarations, there is no magic number of declarations required for certification of a collective action.[21]

Finally, Defendant Covelli asks that the Court delay its decision and allow the parties to conduct discovery.[22] The Court declines. Covelli's attorneys made no mention of any need for discovery when discussing conditional certification at the case management conference nearly two months ago. The Court will not delay conditional certification at the eleventh hour because Covelli has belatedly discovered that Plaintiffs have a relatively strong case for certification. If future discovery reveals that certification is not proper, Defendant Covelli may move for decertification.

For all of those reasons, the Court **GRANTS** the motion for conditional certification as to the following collective action class:

> All individuals whom Defendant employs or employed as Panera Bread assistant managers in the United States for three years before this complaint's filing date ("Federal Eligibility Period") who timely opt into this collective group.

Defendant Covelli is **ORDERED** to provide Plaintiffs, within fifteen days of this Order, with the name, last known mailing address, last known telephone number, last known email address, dates of employment with the Defendant (or any franchise affiliated with the Defendant), and the dates that they worked for the Defendant of all individuals within the above-defined collective action.[23]

Although Defendant Covelli did not specifically object to any of the language in Plaintiffs'

---

[20] *See id.*

[21] *Myers v. Marietta Memorial Hosp.*, 201 F. Supp. 3d 884, 892 (S.D. Ohio 2016) ("[T]here is no threshold requirement for a certain number of affidavits from employees to certify conditionally a collective action.).

[22] Doc. 36 at 15–16.

[23] While the Plaintiffs also request the Court to order Defendant Covelli to provide them with the last four digits of potential class members' social security numbers in case the notices are returned undeliverable, Doc. 29 at ¶ 3, the Court declines to do so at this time. If contacting class members proves to be a problem in the future, and the parties—after good faith negotiations—are unable to come to a reasonable accommodation resolving the issue, the Plaintiffs may seek an order compelling additional disclosures.

Case No. 4:18-cv-54
Gwin, J.

proposed notices or consent forms, the Court—in order to avoid any future disputes about those documents—**ORDERS** the parties to meet and confer regarding the proposed notification and consent forms to be issued by the Plaintiffs.  The Court **FURTHER ORDERS** that, within fifteen days of the date of this Order, the parties shall submit to the Court the proposed language for the notification and consent forms, along with a report of how the forms will be sent to prospective plaintiffs.  The parties should "be scrupulous to respect judicial neutrality" and "take care to avoid even the appearance of judicial endorsement of the merits of the action."[24]

Finally, the Court **ORDERS** that any motion to decertify the collective action be filed by August 12, 2018, with responses due on August 27, 2018, and any reply due on September 2, 2018.

IT IS SO ORDERED.

Dated:  May 16, 2018                             *s/        James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE

---

[24] *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).