UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------

ERIN E. KIS, *on behalf of herself and all others similarly situated*, : Case No. 4:18-cv-54

Plaintiff, : ORDER
: [Resolving Docs. 48, 49]

vs. :

COVELLI ENTERPRISES, INC., :

Defendant. :

------------------------------------------------------------

\* \* \*

CHELSEA ROMANO, *on behalf of herself and all others similarly situated*, : Case No. 4:18-cv-434

Plaintiff, :

vs. :

COVELLI ENTERPRISES, INC., :

Defendant. :

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The parties in these consolidated FLSA cases have several disagreements about the notice and consent forms that are to be sent to potential collective action members.[1] Even though these disagreements concern matters unlikely to have any impact on this litigation's outcome, the parties have apparently been unable to resolve them without the Court's intervention.

First, Defendant Covelli Enterprises, Inc. contends that Plaintiffs' proposed 60-day response window for potential opt-in plaintiffs is too long.[2] They instead propose a 45-day window.[3] The Court does not believe that Covelli would be prejudiced by allowing an additional 15 days for opt-

---

[1] *See generally* Docs. 48, 49.
[2] Doc. 49 at 3–4.
[3] *Id.* at 3.

Case No. 4:18-cv-54
Gwin, J.

ins. The Court therefore **OVERRULES** Defendant Covelli's objection to the 60-day notice period.

Second, Defendant Covelli contends that Plaintiffs should include the name and contact information of defense counsel on the notice form.[4] The Court also **OVERRULES** this objection. Adding defense counsel's information to the form would only confuse potential class members.[5] Moreover, ethics rules would likely prevent defense counsel from communicating information of any value to potential class members, because defense counsel would be operating under an obvious conflict of interest.[6]

Third, Defendant Covelli asks that the notice to potential opt-in plaintiffs include this sentence regarding discovery:

> You should also understand that, as a party to this lawsuit, there is a possibility that you may be required to provide information about your employment with Covelli Enterprises, answer written questions, produce documents and/or testify at a pre-trial deposition or trial under oath.[7]

Plaintiffs protest that this language is merely an attempt to discourage potential opt-in plaintiffs from participating in the litigation.[8] The Court agrees with Covelli that potential opt-in plaintiffs should be advised of both the potential benefits and potential burdens of participation so they can make an informed decision as to whether to join the action. But the Court also finds that Covelli's proposed language has too great a potential to deter potential class members from participating in this litigation.[9]

The Court therefore **ORDERS** Plaintiffs to the following language in their notice forms:

> You should also understand that, as a party to this lawsuit, there is some possibility that you may be required to provide information to the named Plaintiffs, Covelli Enterprises, and/or the Court about your employment with Covelli Enterprises. If this case proceeds to trial, you may also be required to testify.

---

[4] *Id.* at 4.
[5] *Hughes v. Gulf Interstate Field Servs., Inc.*, No. 2:14-cv-000432, 2015 WL 13651211, at *1 (S.D. Ohio Sept. 16, 2015).
[6] *See id.*
[7] Doc. 49 at 3.
[8] Doc. 48 at 2.
[9] *See McKinstry v. Developmental Essential Servs., Inc.*, no. 16-cv-12565, 2017 WL 815666, at *3 (E.D. Mich. Mar. 2, 2017)

Case No. 4:18-cv-54
Gwin, J.

Fourth, Defendant Covelli asks that this disclaimer be included in the notice:

ALTHOUGH THIS NOTICE HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT JUDGE GWIN OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTICT OF OHIO, THE COURT TAKES NO POSITION REGARDING THE MERITS OF PLAINTIFFS' CLAIMS OR DEFENDANT'S DEFENSES, AND THERE IS NO ASSURANCE THAT THE COURT WILL GRANT ANY RELIEF TO YOU OR THE PLAINTIFFS IN THIS CASE. THE COURT NEITHER ENCOURAGES YOU NOR DISCOURAGES YOU FROM JOINING THIS LAWSUIT.[10]

Plaintiffs argue that other language in the notice already provides this information and that the disclaimer is difficult to read.[11] The Court disagrees.

The statement on the first page of the notice stating that "[t]he Court has not decided who is right and who is wrong,"[12] does not carry the same force or effect of Defendant Covelli's proposed language. In that sense, the proposed notice does not abide by this Court's instruction to the parties to "'be scrupulous to respect judicial neutrality' and 'take care to avoid even the appearance of judicial endorsement of the merits of the action.'"[13]

The Court does, however, agree that the notice, as written, is somewhat difficult to understand. That problem would be solved by striking the first appearance of "the United States District" from the disclaimer.

The Court therefore **ORDERS** Plaintiffs to include Defendant Covelli's proposed disclaimer with the above-described change.

Finally, Defendant Covelli asks that Plaintiffs remove language from the proposed notice designating Plaintiffs as their agents for this action.[14] While the Court does not believe the statement is necessarily incorrect, its references to agency may be difficult for a lay person to understand. The Court therefore **ORDERS** Plaintiffs to substitute the following language from the notice and consent form issued in *Kennedy v. Certain Care, LLC*:

---

[10] *Id.* at 3.
[11] *Id.*
[12] Doc. 48-1 at 2.
[13] Doc. 41 at 5 (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989)).
[14] Doc. 48 at 4.

Case No. 4:18-cv-54
Gwin, J.

> I authorize the named Plaintiffs to file and prosecute the above referenced matter in my name and on my behalf, and I designate the named Plaintiffs to make decisions on my behalf concerning the litigation, including negotiating a resolution of my claims, and I understand that I will be bound by such decisions.[15]

The Court **FURTHER ORDERS** the parties to file for approval revised notice and consent forms incorporating the changes discussed above no later than June 6, 2018.

IT IS SO ORDERED.

Dated: June 4, 2018

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[15] *Kennedy v. Certain Care, LLC*, No. 1:17-cv-2444, Doc. 19 at 4 (N.D. Ohio Mar. 21, 2018).