### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ERIN KIS, | ) | CASE NO. 4:18-CV-00054-JG |
| | ) | |
| *Plaintiff*, | ) | JUDGE JAMES GWIN |
| | ) | |
| v. | ) | |
| | ) | **PANERA, LLC'S MOTION TO QUASH** |
| COVELLI ENTERPRISES, INC. | ) | **PLAINTIFFS' THIRD PARTY** |
| | ) | **SUBPOENA TO PANERA, LLC** |
| *Defendant*. | ) | |

Non-Party Panera, LLC ("Panera"), by and through counsel, and pursuant to Fed. R. Civ. P. 45(c)(3), hereby requests this Court to quash the subpoena issued by Plaintiffs Erin Kis and Chelsea Romano ("Plaintiffs") and directed to Panera on or about January 24, 2019. *See* Plaintiffs' Subpoena, attached as Ex. A. The grounds for Panera's request to quash the subpoena are explained in the attached Memorandum in Support, which is incorporated as if fully rewritten herein.

Respectfully submitted,

**JACKSON LEWIS PC**

/s/ *Michael J. Kozimor*
Michael J. Kozimor (092376)
Park Center Plaza I, Suite 400
6100 Oak Tree Boulevard
Cleveland, Ohio 44131
Phone: (216) 750-0404
Fax: (216) 750-0826
Michael.Kozimor@jacksonlewis.com

Attorney for Panera, Inc.

**MEMORANDUM IN SUPPORT**

I. Introduction

Panera is not a party to this wage and hour lawsuit. Panera was served with Plaintiff's Notice of Subpoena ("Plaintiffs' Subpoena") on or about January 24, 2019. The Subpoena unreasonably requires Panera to provide the following voluminous documents:

1. The complete training materials for Assistant Managers ("AMs") provided or made available to Covelli Enterprises Inc. for its Panera Bread restaurants since January 1, 2015 to present ("the relevant time period").
2. Documents, videos, or presentations that Panera LLC provided or made available to Covelli Enterprises Inc. during the relevant time period that relate to the performance of AMs' tasks, assignments, duties or functions. This includes orientation materials, curricula, syllabi, training materials, handouts, instructors' materials, tests and answer keys and videotapes.
3. E-mails between Panera LLC and Covelli Enterprises Inc. regarding AM training during the relevant time period.

*See* Ex. A ("Plaintiffs' Subpoena").

As discussed in more detail below, requiring Panera to comply with Plaintiffs' Subpoena would cause Panera to suffer undue burden and expense and is incompatible with the Fed. R. Civ. P. 45. Therefore, Panera requests this Court to enter an order quashing Plaintiffs' Subpoena and denying Plaintiffs' requested discovery.

II. Panera's Objections to Plaintiffs' Subpoena

**Request No. 1**

The complete training materials for Assistant Managers ("AMs") provided or made available to Covelli Enterprises Inc. for its Panera Bread restaurants since January 1, 2015 to present ("the relevant time period").

**Objection to Request No. 1**: Panera objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit. Panera further objects to this Request on the grounds that it seeks documents and information obtainable through the Defendant in this litigation, rather than through a non-party such as Panera.

### Request No. 2

Documents, videos, or presentations that Panera LLC provided or made available to Covelli Enterprises Inc. during the relevant time period that relate to the performance of AMs' tasks, assignments, duties or functions. This includes orientation materials, curricula, syllabi, training materials, handouts, instructors' materials, tests and answer keys and videotapes.

**Objection to Request No. 2**: Panera objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Panera further objects to this Request on the grounds that it seeks documents and information obtainable through the Defendant ino this litigation, rather than through a non-party such as Panera.

### Request No. 3

E-mails between Panera LLC and Covelli Enterprises Inc. regarding AM training during the relevant time period.

**Objection to Request No. 3**: Panera objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Panera further objects to this

Request on the grounds that it seeks documents and information obtainable through the Defendant in this litigation, rather than through a non-party such as Panera.

### III. Legal Argument

#### a. Standard of Review

Fed. R. Civ. P. 45 governs quashing subpoenas. A court must quash a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles; (iii) requires disclosure of privileged or other protected matter; or (iv) subjects a person to undue burden. *See Cleveland Clinic Health Sys.-East Region v. Innovative Placements, Inc.*, 2012 U.S. Dist. LEXIS 7275, at *4-6 (N.D. Ohio Jan. 23, 2012); *see also* Fed. R. Civ. P. 45(D)(3)(A)(i)-(iv). The issuing party must take reasonable steps to avoid imposing an undue burden on a person subject to the subpoena. *Id.*

In evaluating a motion to quash, the Court may consider: (i) whether the subpoena was issued primarily for purposes of harassment; (ii) whether there are other viable means to obtain the same evidence; and (iii) the information sought is relevant and crucial to the issuing party's case. *See Recycled Paper Greetings, Inc. v. Davis*, 2008 U.S. Dist. LEXIS 10649, (N.D. Ohio Feb. 13, 2008) (internal citations omitted). A subpoena should be quashed if the subpoena is "unreasonable, oppressive, annoying, or embarrassing." *Id.* Here, Plaintiffs' subpoena should be quashed because it seeks third-party information that is available through other viable means and because it is unreasonable and oppressive to Panera.

#### b. The Court Should Quash Plaintiffs' Subpoena Because the Subpoenaed Information is Accessible Through Other Viable Means

On January 29, 2019, Defendant Covelli Enterprises Inc. ("Covelli") filed a Letter ("Covelli's Letter") (ECF #156) responding to Plaintiffs' Letter (ECF #152) regarding outstanding discovery disputes between the parties. Covelli's Letter outlines the substantial

4

efforts that Covelli made to provide Plaintiffs with access to the training records that Plaintiffs now improperly seek from Panera. (ECF #156) Indeed, Plaintiffs themselves made the suggestion to review the training materials in-person with Covelli's counsel present. Covelli agreed to permit Plaintiffs to view the portal and training documents in-person. Plaintiffs failed to do so and, instead, now seek information from non-party Panera when it is readily accessible from Defendant Covelli.

This Court has previously held that it is improper to subpoena third parties where there are other viable means for obtaining the information from other parties to the litigation. *See Innovative Placements, Inc.*, 2012 U.S. Dist. LEXIS 7275 at \*6 (*citing Haworth, Inc. v. Herman Miller, Inc.,* 998 F.2d 975, 978 (Fed. Cir. 1993) (holding that the district court properly required the defendant "to seek discovery from its party opponent before burdening the nonparty")).

Plaintiffs' request for all e-mails between Panera and Covelli "regarding AM training" is likewise improper because (besides being excessively overbroad) it seeks information that is readily obtainable from Defendant Covelli.

Here, Covelli offered to provide Plaintiffs with access to the information they now seek from Panera, but there is no indication that Plaintiffs made any effort to meet with Covelli and review the requested materials in-person. Plaintiffs clearly have not met their burden of seeking "discovery from its party opponent before burdening the nonparty." *Herman*, 998 F.2d at 978. Accordingly, the Court should enter an Order quashing Plaintiff's Subpoena, requiring Plaintiffs to view the requested information in-person as previously offered by Covelli, and to resolve the outstanding e-mail discovery dispute with Covelli, who has ready access to the information.

    **c. The Court Should Quash Plaintiffs' Subpoena Because Plaintiffs' Subpoena is Overly Broad, Unduly Burdensome, and is Seeks Information Not Relevant or Crucial to the Claims and Defenses at Issue in this Case**

Under Fed. R. Civ. P. 26, a court must limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). *See also Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) ("Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive."). Plaintiffs' Subpoena broadly requests "all training materials" for Assistant Managers ("AMs"), including all documents, videos, presentations, orientation materials, curricula, syllabi, training materials, handouts instructors' materials, tests and answer keys, and videotapes relating to AMs' tasks, assignments, duties, or functions dating back to 2015. *See* Ex. A.

First, the requested materials are outside of the relevant scope of this misclassification dispute under the FLSA and Ohio wage and hour laws. Plaintiffs allege that they were improperly classified as exempt from overtime. (ECF #1) Misclassification cases such as this necessarily focus on the employees' actual day-to-day work activities in order to determine whether the employees in question were properly classified. *See Ale v. TVA*, 269 F.3d 680, 688 (6th Cir. 2001), *Lindsey v. Tire Discounters, Inc.*, 2017 U.S. Dist. LEXIS 197996, at *21 (S.D. Ohio Dec. 1, 2017) (focusing its analysis on plaintiffs' "*de facto* job duties, irrespective of their official title, job description, and exempt classification.").

Here, the staggering breadth of training materials and related email communications Plaintiffs seek are irrelevant to the Court's focus in this case: Plaintiffs' actual day-to-day job duties. Even assuming, *arguendo*, that Panera's training materials showed that Assistant Managers received extensive training on job duties directly related to exempt management duties

6

(or indeed even the opposite), that revelation would have no bearing on the ultimate determination of Plaintiffs' exempt status. As such, the requested information has scant probative value in resolving the issues in dispute, and is therefore outside the permissible scope of discovery under the Federal Rules.

Second, Plaintiffs' Subpoena is unduly burdensome, and the burden and expense of producing the requested information clearly outweighs its (un)likely benefit. As Covelli's Letter indicates, there are over 700 training videos responsive to Plaintiffs' Subpoena, and Plaintiffs' broad request for orientation materials, curricula, syllabi, training materials, handouts, instructors' materials, tests, and answer keys would yield unmanageable results having little to no bearing on the case. Instead of requiring Panera to incur the significant burden and expense of gathering and producing this information, Plaintiffs still have the option of viewing the materials available on the portal website, as parties originally agreed. (ECF #156).

Plaintiffs' request for all "E-mails between Panera LLC and Covelli Enterprises Inc. regarding AM training during the relevant time period" is overbroad, unduly burdensome, and wholly disproportionate to the time and expense associated with obtaining, reviewing, and producing the requested information. Plaintiffs' Subpoena does not identify specific custodians or search terms, and would require Panera to sift through millions of emails. Further, given the fact that any email communication between Panera and Covelli regarding AM training would have no bearing on any Plaintiffs actual day-to-day job duties, the demonstrable burden associated with responding to the request is disproportionate to the importance of the discovery in resolving the issues in this case.

Third, Defendant Covelli has already collected 2,262,684 documents, reviewed 79,329 documents, and produced 5,158 responsive documents in response to 14 requests for admission, 74 document requests, and 24 interrogatories. Plaintiffs have already been provided with ample

7

paper discovery in this matter, yet Plaintiffs now unreasonably request that non-party Panera search through all emails between Covelli and Panera without providing search terms. This tactic clearly falls outside of Fed. R. Civ. P. 26's proportionality requirements.

Finally, Plaintiffs' Subpoena is overbroad in that much of the information it seeks has absolutely no connection to claims and defenses in this lawsuit. For example, it is impossible to imagine how Panera's syllabi, handouts, tests, and answer keys are relevant to resolving this misclassification dispute. Plaintiffs have failed to narrowly tailor their requests, provide search terms, or identify custodians, and should not be permitted to unduly burden a non-party in order to embark on a fishing expedition of irrelevant documents.

WHEREFORE, non-party Panera, LLC respectfully requests that the Court grant this Motion and quash Plaintiff's Subpoena.

Respectfully submitted,

**JACKSON LEWIS PC**

/s/ *Michael J. Kozimor*
Michael J. Kozimor (0092376)
Park Center Plaza I, Suite 400
6100 Oak Tree Boulevard
Cleveland, Ohio  44131
Phone:  (216) 750-0404
Fax:     (216) 750-0826
Michael.Kozimor@jacksonlewis.com

Attorney for Panera, LLC