UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
---------------------------------------------------------------
                                    :

ERIN E. KIS,                          :
*on behalf of herself and all*       :
*others similarly situated,*        :

                                    :     Case Nos. 4:18-cv-54
                                    :              4:18-cv-434

            Plaintiffs,       :

vs.                            :     OPINION & ORDER

COVELLI ENTERPRISES, INC.,   :

            Defendant.      :

                                      :
---------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In January 2019, the Court ordered Defendant Covelli Enterprises, Inc. to un-redact some 1,200 documents it had partially withheld.[1] If Defendant believed any of those documents were privileged, the Court required it to produce them for *in camera* review.[2] In February 2019, Defendant produced fifty-two such documents, claiming attorney-client and work product privilege.

The party asserting privilege bears the burden of proving it exists.[3] Because this case is here under the Court's federal question jurisdiction, the Court applies federal common law in determining whether the documents are privileged.[4]

"Where legal advice of any kind is sought from a professional legal adviser in his capacity as such, the communications relating to that purpose, made in confidence by the

---

[1] Doc. 157.
[2] *Id.*
[3] *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999).
[4] *Hancock v. Dodson*, 958 F.2d 1367, 1372–73 (6th Cir. 1992). *See* Fed. R. Evid. 501.

client, are [protected by attorney-client privilege]."[5]  A document is also protected as "work product" if it was prepared in anticipation of litigation by a party or his representative.[6]

Forty-two of Defendant's submitted documents are privileged under either the attorney-client privilege or as work product.  Ten are not.

Defendant argues that all ten are privileged because they are attached to an attorney-client communication.[7]  However, the mere fact that a document is attached to a privileged communication is not enough.[8]  Further, it appears that these are either independent documents created outside the attorney-client relationship or documents Defendant sent to Plaintiffs' counsel.[9]  Defendant has thus not shown that they are privileged.

Defendant claims that one of the ten documents is also protected as "attorney work product."[10]  Nothing, however, indicates that this document—a stock letter to Defendant's employees about a pay-change—was prepared in anticipation of litigation.[11]

Thus, the Court **ORDERS** Defendant to produce to Plaintiffs non-redacted versions of the documents Defendant labeled DEFPRIV03, DEFPRIV04, DEFPRIV08, DEFPRIV16, DEFPRIV24, DEFPRIV25, DEFPRIV32, DEFPRIV34, DEFPRIV35, and DEFPRIV 45.

IT IS SO ORDERED.

Dated: March 13, 2019                          s/      James S. Gwin
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[5] *Reed v. Baxter*, 134 F.3d 351, 355 (6th Cir. 1998) (internal numbering omitted).
[6] Fed. R. Civ. P. 26(b)(3).
[7] Defendant labels these documents as: DEFPRIV03, DEFPRIV04, DEFPRIV08, DEFPRIV16, DEFPRIV24, DEFPRIV25, DEFPRIV32, DEFPRIV34, DEFPRIV35, and DEFPRIV45.
[8] *E.g.,* *Hilton-Roar v. State & Federal Communications Inc.*, No. 5:09-cv-1004, 2010 WL 1486916, at *7 (N.D. Ohio April 13, 2010).
[9] The documents include: a stock letter to employees about a pay-change, a wage conversion formula, an employee's wage history, a letter to Plaintiffs' counsel, and an apparent tolling agreement with Plaintiffs.
[10] Defendant labels this document as: DEFPRIV45.
[11] The document appears to have been drafted more than a year before this case began and its content appears largely unrelated to this suit.