## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ERIN E. KIS, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br><br>COVELLI ENTERPRISES, INC.,<br><br><br>      Defendant. | Case No. 4:18-cv-00054-JG |
| CHELSEA ROMANO, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>COVELLI ENTERPRISES, INC.,<br><br>      Defendant. | Case No. 4:18-cv-00434-JG |

## DECLARATION OF JUSTIN M. SWARTZ IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF FLSA SETTLEMENT, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF THE PROPOSED NOTICES OF SETTLEMENT AND CLASS ACTION SETTLEMENT PROCEDURE

I, Justin M. Swartz, declare, pursuant to 28 U.S.C. § 1746, as follows:

  1.  I am a partner in the firm of Outten & Golden LLP ("O&G") in New York, New York, which, together with the firms of Shavitz Law Group, P.A., Landskroner Grieco Merriman LLC, Karon LLC, and Wolf Haldenstein Adler Freeman & Herz LLP are Plaintiffs' Counsel in the above-captioned matters.  The law firm of O&G employs over 60 attorneys in offices based in New York City, Chicago, San Francisco, and Washington, D.C., and focuses on representing

plaintiffs in a wide variety of employment matters, including individual and class action litigation, that involve wage and hour, discrimination, and harassment claims, as well as contract and severance negotiations.

2.      I am one of the lawyers responsible for prosecuting Plaintiffs' claims.

3.      I make these statements based on personal knowledge and would so testify if called as a witness at trial.

## My Background and Experience

4.      I received a Juris Doctor degree from DePaul University School of Law in 1998 with honors.  Since then, I have exclusively represented plaintiffs in employment litigation and other employee rights matters.

5.      I was admitted to the bar of the State of Illinois in 1998, and the bar of the State of New York in 2002.  I am also admitted to the bars of the Second Circuit Court of Appeals, the United States District Courts for the Western, Eastern, and Southern Districts of New York, and the Northern District of Illinois.  I am a member in good standing of each of these bars.

6.      From September 1998 through February 2002, I was associated with Stowell & Friedman, Ltd. in Chicago, Illinois, where I represented plaintiffs in class and multi-plaintiff employment discrimination cases.  From March 2002 through October 2003, I worked for Goodman & Zuchlewski, LLP in New York City where I represented employees in discrimination cases and other employee rights matters.

7.      Since joining O&G in December 2003, I have been engaged primarily in prosecuting wage and hour class and collective actions and class action discrimination cases.

8.      I am or was co-lead counsel on many wage and hour cases that district courts have certified as class actions and/or collective actions including *Torres v. Gristede's Operating*

*Corp.*, No. 04 Civ. 3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29. 2006), in which the Court

granted summary judgment in favor of Plaintiffs and a class of more than 300 grocery store

employees, *see* 628 F. Supp. 2d 447 (S.D.N.Y. Aug. 28, 2008).  Others include *Lauture v. A.C.*

*Moore Arts & Crafts, Inc.*, No. 17 Civ. 10219, 2017 WL 6460244, at *1 (D. Mass. June 8, 2017)

(approving settlement, settlement procedure, incentive awards, and fees and costs); *Blum v.*

*Merrill Lynch & Co.*, Nos. 15 Civ. 1636, 15 Civ. 2960, slip op. at 2 (S.D.N.Y. May 6, 2016)

(same); *Puglisi v. T.D. Bank, N.A.*, No. 13 Civ. 637, 2015 WL 4608655, at *1 (E.D.N.Y. July 30,

2015) (certifying class and approving settlement of nationwide wage and hour class and

collective action); *Aboud v. Charles Schwab & Co.*, No. 14 Civ. 2712, 2014 WL 5794655, at *2-

4 (S.D.N.Y. Nov. 4, 2014) (same); *Perez v. Allstate Ins. Co.*, No. 11 Civ. 1812, 2014 WL

4635745, at *25 (E.D.N.Y. Sept. 16, 2014) (appointing O&G as class counsel); *Clem v.*

*KeyBank*, No. 13 Civ. 789, 2014 WL 2895918, at *2-4 (S.D.N.Y. June 20, 2014) (certifying

class and approving settlement of nationwide wage and hour class and collective action); *Yuzary*

*v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 5492998, at *2-4 (S.D.N.Y. Oct. 2, 2013)

(certifying class action under New York Labor Law and appointing O&G as class counsel);

*Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 472-76 (S.D.N.Y. 2013) (certifying class and

approving settlement of nationwide wage and hour class and collective action).

       9.     I am a member of the National Employment Lawyers Association ("NELA") and

formerly served on the Executive Board of its New York Chapter ("NELA/NY").  I recently

served on the Fair Labor Standards Act Protocols Committee formed by the Institute for

Advancement of the American Legal System ("IAALS"), which drafted IAALS's Initial

Discovery Protocols for Fair Labor Standards Act Cases.  I am a former co-chair of NELA's Fair

Labor Standards Act Committee.  I served on the Civil Rights Committee of the New York City

Bar Association of the Bar of the City of New York from 2005 through 2008 and the Committee

on Labor and Employment Law from September 2002 until June 2005.  I was co-chair of the

American Bar Association Labor and Employment Law Section Ethics and Professional

Responsibility Committee from 2006 through 2009, and am a member of its Equal Employment

Opportunity Committee.

10.     I speak frequently on employment law issues, including wage and hour issues and

discrimination issues.  I have recently been a faculty member for continuing legal education

programs focused on employment law and ethics sponsored by the American Bar Association

Section of Labor and Employment Law; the New York State Bar Association Labor and

Employment Law Section; the New York City Bar Committee on Labor and Employment Law,

NELA, and the Practicing Law Institute, among others.

11.     In connection with my work, I regularly read the New York Law Journal, advance

sheets, and other literature related to employment law and class action law developments.  I

attend workshops and seminars at least four times per year sponsored by NELA, NELA/NY, the

American Bar Association, and other organizations.

12.     In addition to my own experience as a class-action litigator in employment

disputes, Sally J. Abrahamson, Deirdre Aaron, Lucy Bansal, and Hannah Cole-Chu have been

the primary attorneys assigned to this case.  A brief background of Ms. Abrahamson, Ms. Aaron,

Ms. Bansal and Ms. Cole-Chu follows:

13.     Sally Abrahamson is a Partner, head of the Class Action Practice Group in O&G's

Washington D.C. office, and co-chair of the Lesbian, Gay, Bisexual, Transgender & Queer

Workplace Rights Practice Group.  Ms. Abrahamson joined O&G in 2012.  Before O&G, Ms.

Abrahamson worked as law clerk to the Honorable Frank Montalvo, U.S. District Judge in the

Western District of Texas, El Paso Division and later the Bilingual Staff Attorney at D.C.
Employment Justice Center.  Ms. Abrahamson received her B.A. from Oberlin College in 2003
and her J.D., with honors, from American University's Washington College of Law in 2009.  She
is admitted to the bars of the State of Texas in 2009, State of New York in 2013, and District of
Columbia Bar in 2011, and the United States District Courts for the District of Columbia, the
District of Maryland, the Southern District of New York, the Eastern District of New York, the
Western District of New York, the Southern District of Texas, and Second Circuit Court of
Appeals.

14.     Deirdre Aaron is a Partner at O&G's New York office and a member of the firm's
Class Action Practice Group.  She joined O&G in 2012.  Before O&G, she worked as a Staff
Attorney for the United States Court of Appeals for the Eighth Circuit.  Ms. Aaron received her
J.D., *magna cum laude* and Order of the Coif, from Washington University in St. Louis in 2010,
and her B.A. from Northwestern University in 2004.  Ms. Aaron is admitted to the practice in
New York and Pennsylvania, the U.S. District Courts for the Southern, Eastern, and
Western Districts of New York and the Eastern District of Pennsylvania, and the U.S. Second
Circuit Court of Appeals.

15.     Lucy B. Bansal is an associate in O&G's Washington D.C. office.  Prior to
joining O&G in 2017, she practiced at a law firm in Silver Spring, Maryland, where she
represented workers in individual and collective actions involving wage theft and employment
discrimination.  She received her B.A. from McGill University in 2011, and her J.D., *cum laude*,
from the University of Maryland School of Law in 2014.

16.     Hannah Cole-Chu is an associate at O&G in Washington D.C. and a member of
the firm's Class Action Practice Group.  Prior to joining the firm in September 2018, Ms. Cole-

Chu clerked for the Honorable Alvin W. Thompson, U.S. District Judge in the District of

Connecticut.  Ms. Cole-Chu received her J.D., *magna cum laude*, from the University of

Maryland Francis King Carey School of Law in 2017 where she was Editor in Chief of

the *Maryland Law Review*.  She received her B.A. from Bard College in 2009.  Ms. Cole-Chu is

licensed to practice in Maryland. She is not a member of the D.C. Bar, and is supervised by a

member of the District of Columbia bar.

**O&G's Expertise**

17.     O&G is nationally recognized for its expertise in litigating complex class actions,

including wage and hour cases like this one.  *See, e.g.*, *Zamora v. Lyft, Inc.*, No. 3 Civ. 02558,

2018 WL 4657308, at *3 (N.D. Cal. Sept. 26, 2018) (appointing O&G as class counsel and

noting O&G's "in light of their outstanding work on this case"); *Schriver v. Golden Corral

Corp.*, No. 17 Civ. 136, 2017 WL 6374670, at *1 (N.D. Ohio Dec. 11, 2017) (holding that O&G,

Shavitz Law Group, P.A., and Landskroner, Grieco & Merriman, LLC satisfy Rule 23(a)(4)'s

adequacy requirement "because they are well-versed in wage and hour law and class action

jurisprudence and have the experience and qualifications necessary to protect the interests of the

Class"); *Gonzalez v. Pritzker*, No. 10 Civ. 3105, 2016 WL 5395905, at *4 (S.D.N.Y. Sept. 20,

2016) (noting that O&G attorneys are "nationally recognized class action litigators"); *Hamadou

v. Hess Corp.*, No. 12 Civ. 250, 2015 WL 464250, at *2 (S.D.N.Y. Feb. 3, 2015) ("Moreover,

courts have found both O & G and F & S to be adequate class counsel in numerous employment

law class actions."); *Ballinger v. Advance Magazine Publishers, Inc.*, No. 13 Civ. 4036, 2014

WL 7495092, at *7 (S.D.N.Y. Dec. 29, 2014) (appointing O&G as class counsel, explaining that

"[b]ased on the firm's performance before [the court] in this and other cases and its work in the

foregoing and other cases, [the court has] no question that it will prosecute the interests of the

class vigorously."); *Beckman*, 293 F.R.D. at 477 (noting that O&G "are experienced employment lawyers with good reputations among the employment law bar"); *Yuzary v. HSBC USA, N.A.*, No. 12 Civ. 3693, 2013 WL 1832181, at *4 (S.D.N.Y. Apr. 30, 2013) (appointing O&G as class counsel); *Capsolas*, 2012 WL 1656920, at *2 (appointing O&G as class counsel and noting O&G attorneys "have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law"); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 622 (S.D.N.Y. 2012) (O&G attorneys "have substantial experience prosecuting wage and hour and other employment-based class and collective actions."); *McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 Civ. 8713, 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010) (O&G "are experienced employment lawyers with good reputations among the employment law bar . . . [and] have prosecuted and favorably settled many employment law class actions, including wage and hour class actions"); *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 158 (2008) (O&G lawyers have "an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area").

**Procedural and Factual Background**

    **A.**    **Investigation**

18.    Plaintiffs allege that Covelli misclassified Assistant Managers ("AMs") as exempt from overtime compensation.  Instead of performing exempt, managerial tasks, AMs primarily performed manual tasks such as taking orders, serving customers, preparing food, working the cash register, and cleaning.

19.    After conducting an investigation and prior to filing her complaint, Plaintiff Chelsea Romano contacted Covelli on April 18, 2016 in an effort to explore potential pre-

litigation resolution of AMs' collective and class claims.  Covelli declined to engage in settlement discussions.

**B.    Litigation**

20.    On January 9, 2018, Plaintiff Erin Kis filed a class and collective action complaint against Covelli in the U.S. District Court for the Northern District of Ohio, No. 18 Civ. 0054. On February 22, 2019, Chelsea Romano filed a collective action complaint in the same court, No. 18 Civ. 434.  Both complaints alleged that Covelli misclassified Plaintiffs and similarly-situated AMs and, as a result, failed to pay them overtime under the FLSA and Ohio Minimum Fair Standard Wage Act.  The cases were consolidated on March 22, 2018.

21.    Plaintiffs immediately moved for conditional certification on March 22, 2018. The Court granted the motion on May 16, 2018.

22.    After the Court conditionally certified the collective, the parties agreed to attend a settlement conference before court-authorized notice was issued to the proposed collective.  The parties exchanged information relating to calculating damages, including summary information for 2,056 current and former AMs employed by Covelli from June 28, 2015 to the present.

23.    On July 23, 2018, the parties attended the settlement conference with Magistrate Judge Baughman, but the parties were too far apart and were unable to reach a settlement.

24.    After the parties' unsuccessful mediation, on August 15, 2018, Plaintiffs sent FLSA notice to more than 1,670 AMs.  Ultimately, 483 people joined the case.

25.    On November 5, 2018, Covelli filed a motion to decertify the collective. Plaintiffs opposed the motion, and the Court held a hearing on December 12, 2018.  The Court denied the motion to decertify on February 21, 2019.

26.     The parties engaged in significant motions practice with respect to Covelli's expert, Jonathan Walker, Ph.D.  First, Plaintiffs filed a motion to strike certain exhibits, as well as a *Daubert* motion to strike the declaration of Covelli's proposed expert that Covelli submitted in support of its decertification motion.  The Court denied this motion as moot without prejudice to renewal as part of its Order denying Covelli's decertification motion.  Plaintiffs later renewed their motion, which Covelli opposed and was pending at the time of settlement.

### C.     Discovery

27.     During the litigation, the parties engaged in substantial discovery.  Plaintiffs propounded 84 document requests and 27 interrogatories, produced documents, and reviewed thousands of documents that Covelli produced.  Plaintiffs deposed five witnesses, including Covelli's CEO, COO, expert, a Recruiting Director, and an Area Manager.  Covelli deposed nine Opt-in Plaintiffs.

28.     Plaintiffs also served two separate third-party subpoenas on Panera LLC and a firm that represented AMs in a separate case against Covelli.

29.     In total, the parties attended seven discovery conferences, including multiple at which the Court required Plaintiffs' in-person attendance.

30.     The parties had numerous discovery disputes about the scope and search terms for Electronically Stored Information ("ESI"), proper ESI custodians, the scope of store-level discovery, and the identification of responsive documents, among other issues.

31.     These disputes required hundreds of hours of attorney work, including months of negotiations, at times weekly meet-and-confer calls.  Plaintiffs filed several letter motions raising issues regarding Covelli's refusal to produce various documents and certain witnesses for deposition.

32.     Covelli also moved to compel depositions of Opt-in Plaintiffs who had not provided availability for depositions, which Plaintiffs opposed.  At a court conference on March 15, 2019, the Court granted Covelli's motion to compel but denied its motions for sanctions.

**D.     Trial Preparation**

33.     The Court initially set the trial date for December 10, 2018, but reset it for March 19, 2019 after the parties' first unsuccessful settlement conference.  The Court later continued the trial date to April 29, 2019.  On April 15, 2019, the Court postponed trial until July 22, 2019.

34.     Because the Court's schedule provided for a very tight discovery deadline, Plaintiffs began preparing for trial expeditiously.  Plaintiffs interviewed nearly forty potential trial witnesses, including opt-in Plaintiffs and former managers.

35.     Plaintiffs drafted a trial plan and reply in support of it, which Covelli opposed, jury instructions, and cross-examinations.  They researched jury consultants, began to prepare motions *in limine*, negotiated trial stipulations with Covelli's counsel, identified trial exhibits, and coordinated travel and technology logistics for trial.

**E.     Ohio Class Action Lawsuit**

36.     On February 28, 2019, Saidah Farrell and Mariah Hall (together, the "Ohio Plaintiffs") filed a class action complaint against Covelli for overtime compensation under the Ohio Minimum Fair Wage Standards Act ("Ohio Wage Act"), alleging that Covelli misclassified them and a Class of other AMs who worked for Covelli at its Ohio Panera Bread locations as exempt from the overtime provisions of the Ohio Wage Act.

37.     Specifically, the Ohio Plaintiffs alleged that, instead of performing exempt, managerial tasks, Ohio AMs primarily performed manual tasks such as taking orders, serving customers, preparing food, working the cash register, and cleaning.

38.     No further litigation took place in the state action beyond the filing of the complaint, as Covelli soon expressed an interest in a global settlement.

39.     Plaintiff Kis's complaint alleges class claims on behalf of a Class, but Plaintiff Kis was not able to file a motion for class certification by the Court-ordered deadline.

**F.     Continued Settlement Discussions**

40.     Throughout the litigation, the parties engaged in informal settlement negotiations.

41.     On March 15, 2019, following a status conference with the Court, the parties attended a settlement conference before Magistrate Judge Greenberg.  The parties were unable to reach a resolution at the settlement conference but continued to negotiate.  They attended another settlement conference with Magistrate Judge Greenberg on April 3, 2019, which also did not result in a settlement.

42.     The parties subsequently agreed to attend a private mediation with Bradley Sherman, which took place on May 2, 2019.

43.     In advance of mediation, Plaintiffs' Counsel relied on documents and pay data produced by Covelli in discovery to create a class- and collective-wide damages model.

44.     After a full day of mediation that extended well beyond the close-of-business, the parties reached an agreement-in-principle to resolve the matters globally for $4,625,000.

45.     The parties thereafter negotiated the remaining terms of the settlement, which were memorialized in the formal Settlement Agreement executed by the parties.

46.     These negotiations were at all times hard fought, and they have produced a result that Plaintiffs' Counsel believes improves upon the initial Settlement Agreement and continues to serve the best interests of the Class and Collective Members in light of the costs and risks of continued litigation.

### G.     The Settlement Agreement

47.     The Class consists of all persons employed by Covelli as Assistant Managers in Ohio anytime between January 9, 2016 and the date the Agreement was executed, except that any individual who timely submits a valid request for exclusion shall not be included in the Class.  The total number of Class Members eligible to participate in the settlement is approximately 614.  Approximately 136 FLSA Collective Members are also Class Members.

48.     For the approximately 478 putative Class Members who are not also FLSA Collective Members, Plaintiffs estimate that Class Members will recover 33% of estimated owed overtime wages.  Plaintiffs' overtime estimate presumes a regular rate of pay based on 45 hours per week, with overtime being paid at time-and-a-half the regular rate.

49.     Plaintiffs' Counsel, who has a great deal of experience in the prosecution and resolution of wage-and-hour class actions, have carefully evaluated the merits of the case and the proposed Settlement.

50.     The Settlement Agreement resolves a bona fide dispute.  The parties dispute nearly all aspects of Plaintiffs' claims, particularly whether AMs employed by Covelli were properly classified as exempt from overtime laws.  Throughout the litigation, the parties vigorously disputed the nature of AMs' job duties.

51.     Resolution of the various factual disputes would have likely required additional depositions, more written discovery, and extensive motions practice.

52.     This settlement achieves all of the objectives of the consolidated litigation, namely a substantial monetary settlement to Collective Members and putative Class Members who were subjected to Covelli's allegedly unlawful wage and hour policies.

53.     Even if this case were to proceed, the apparent strengths of Plaintiffs' claims are no guarantee against a complete or partial defense—whether at summary judgement or trial.

54.     Furthermore, even if a judgment were obtained against Covelli at trial, the relief might be no greater, and indeed might be less, than that provided by the proposed settlement.

55.     No prior request for the relief requested herein has been made.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: June 28, 2019
      New York, New York         Respectfully submitted,

_____
Justin M. Swartz